UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID WICHMAN and LAURA WICHMAN,

    Plaintiff,

v.

ROBERT MCCONKEY,

    Defendant.

CASE NO. C16-5387 BHS

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

This matter comes before the Court on Plaintiffs David Wichman and Laura Wichman's ("Wichmans") motion to remand (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In March 2011, the Wichmans acquired property from Defendant Robert McConkey's ("McConkey") son. Dkt. 9, Declaration of Daniel Wilmot ("Wilmot Dec.") ¶¶ 3, 4. McConkey owns the parcel of land immediately north of the property acquired

by the Wichmans. Dkt. 7-1 ("Comp.") ¶ 2.6. After the Wichmans acquired the property, a dispute arose regarding the common boundary line. Wilmot Dec. ¶ 4.

On June 16, 2014, the Wichmans filed a quiet title action against McConkey in Mason County Superior Court. Comp. The Wichmans served McConkey with the summons and complaint that same day. Wilmot Dec. ¶ 5, Ex. 1. On September 11, 2014, McConkey filed an answer, asserting affirmative defenses and counterclaims. Wilmot Dec., Ex. 2.

On February 25, 2015, the parties engaged in mediation, which resulted in a conditional settlement and a stay of litigation for six months. Wilmot Dec. ¶ 7. When the settlement contingencies did not occur, the Wichmans filed an answer to McConkey's counterclaims on September 14, 2015. Wilmot Dec. ¶¶ 7–8, Ex. 3.

On March 18, 2016, the Wichmans moved to compel discovery from McConkey. Wilmot Dec. ¶ 12. The state court granted the Wichmans' motion on March 28, 2016. Wilmot Dec., Ex. 7. On April 18, 2016, the Wichmans moved for sanctions for McConkey's failure to comply with the order compelling discovery. Wilmot Dec., Ex. 8. On April 25, 2016, the state court granted the Wichmans' motion. *Id.* The state court dismissed McConkey's counterclaims with prejudice, entered default against McConkey, and awarded the Wichmans their attorney's fees and costs for bringing the motion. *Id.*

On May 23, 2016, McConkey filed a notice of removal. Dkt. 1. On June 21, 2016, the Wichmans moved to remand. Dkt. 8. On July 7, 2016, McConkey responded. Dkt. 11. The Wichmans did not file a reply.

## II. DISCUSSION

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). A defendant seeking to remove a civil action must file a notice of removal within thirty days of receipt of the initial pleading. *Id.* § 1446(b). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

At the outset, McConkey's notice of removal is untimely. McConkey was served with the summons and complaint on June 16, 2014. McConkey proceeded to litigate this suit in state court for almost two years. After the state court ruled against him, McConkey sought to remove the suit to this Court. A defendant, however, "may not experiment in state court and then seek to remove upon receipt of an adverse ruling." *Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1285 (C.D. Cal. 2004) (citing *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992)).

Even assuming McConkey's notice of removal was timely, McConkey has not established the Court has subject matter jurisdiction. The Wichmans filed a quiet title action based solely on state law. *See* Comp. The Wichmans' complaint does not present a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Diversity jurisdiction is not present either as all

parties are citizens of Washington State.  *See* Wilmot Dec. ¶ 2; *see also* 28 U.S.C. § 1332(a)(1).

With respect to McConkey's argument that the Court has maritime jurisdiction under 28 U.S.C. § 1333, *see* Dkts. 1 & 11, his argument is without merit.  The instant suit does not involve maritime matters.  *See* Comp.; *see also Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007).  McConkey's new allegations that the Wichmans recently destroyed his boat do not transform this suit into one involving maritime law.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Wichmans argue they should be awarded costs, but request that this issue be reserved for determination by the state court.  Dkt. 8 at 8.  It is unclear whether the Wichmans are seeking an award of costs from this Court or the state court for improper removal.  In any event, McConkey is proceeding pro se and the basis for remand was obvious and straightforward.  The Court therefore declines to award costs under § 1447(c).

### III. ORDER

Therefore, it is hereby **ORDERED** that the Wichmans' motion to remand (Dkt. 8) is **GRANTED**.  This action is **REMANDED** to Mason County Superior Court.

Dated this 16th day of August, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge